Daniel, J.
 

 On the trial of this cause, the plaintiffs’ counsel had
 
 first
 
 examined two'witnesses, (Coles and Terry) to prove that a copartnership existed between the defendant and C. Long. Conceiving that he had, by these two witnesses, established the existence of the partnership, at the date of the sate of the goods by the plaintiff to C. Long, he, then,
 
 secondly-
 
 offered in evidence the bond, which was for the same sum as now claimed by the account, as an admission of C. Long, one of the partuers, tending to shew, that the goods mentioned in the account- were purchased for the benefit of the firm-of C. & E. Long. This evidence the court rejected, and the plaintiffs were nonsuited. After the existence of a partnership has been established,
 
 aliunde,
 
 then the acts, admissions, or declarations of one partner, in matters relating to the affairs of the partnership, will be evidence against the firm. Collyer on Partnership, 454,455. 17 Mass. R. 227. But here, the goods were not taken up in the name of the firm, but the plaintiffs had delivered them to
 
 C. hong,
 
 and had in- their books charged the same to him only. Therefore, the hinge, upon which the question turned, was, whether the goods in fact were purchased for C. Long, individually, or for the benefit of the firm. C. Long was liable to tile plaintiffs at all events, for the entire demand. If his
 
 *41
 
 subsequent admissions were to be received in evidence against the defendant in such a case as this, he then have it in his power to discharge himself of one half of the debt, to which he is undoubtedly liable, and throw it on the shoulders of the defendant. It seems, that he was at the time,interested in making the admission or declaration, and that the court acted right in rejecting it as evidence.
 
 Purviance
 
 v
 
 Dayden,
 
 3 Rawle, 402.
 
 Willis
 
 v
 
 Hill,
 
 2 Dev. & B. 231. It is not intended by us to impugn the rule, that every partner is the agent of the rest of the partnership. And as Lord Tenterden said, (2 Barn. & Ald.) that the act and assurance of one partner, made with reference to the business transacted by the firm, will bind all the partners.
 
 Vide,
 
 also, Collyer, 212. But when the vendor of goods,- at the time of the sale, professes to sell them to the vendee in his individual character, then,'we think, that in an action for the price against the firm, or any other of the partners,- the admission's of such a vendee would not be good evidence against the defendants, that the goods were purchased for the benefit of the firm.
 

 Per Curiam. Judgment affirmed.